### MARGOLYS et al. v. MOLLENICK.

(Supreme Court, Appellate Term.   February, 1906.)

EVIDENCE—PAROL EVIDENCE—MODIFICATION OF WRITTEN CONTRACT.

    Evidence that a party to a written contract went into possession on November 1st instead of October 1st, as provided in the contract, shows what was done under the contract, and is admissible as proving a subsequent modification thereof by the acts of the parties and by mutual consent.

    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2052.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Henry Margolys and another, partners doing business under the name of H. Margolys & Co., against Sarah Mollenick.   From a judgment for plaintiffs, defendant appeals.   Affirmed.

See 94 N. Y. Supp. 301.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-
BAUM, JJ.

Charles Soble, for appellant.
Emanuel Klein, for respondents.

PER CURIAM. We think the evidence of the assignment was
sufficient, especially as no specification of any defect in that respect was
made in the motion to dismiss, when there was still an opportunity for
the plaintiffs to give further evidence on the point. The same may be
said of the claim that there was not sufficient evidence that the work
for which $100 was awarded was done for the defendant.

There is no merit in the contention that it was error to admit
evidence that the plaintiffs' assignor went into possession on November
1st instead of October 1st, which latter date was provided for in the
contract. This is not evidence to vary a writing, but to show what was
in fact done under it. It was tantamount to proving a subsequent
modification, made by the acts of the parties and by mutual consent.

The judgment should be affirmed, with costs.