MARS ASSOCIATES, INC. & NORMEL CONSTRUCTION CORP., JOINT VENTURERS, Appellant, *v.* HEALTH AND MENTAL HYGIENE FACILITIES IMPROVEMENT CORPORATION, Respondent.

Third Department, February 27, 1975.

*McDonough, Schneider, Marcus & Cohn (Eli Saul Cohn* and *Franklin E. Tretter* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Thomas P. Zolezzi* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. Plaintiff was the successful bidder for a construction contract on a facility owned by defendant. The proposal together with specifications, was put out for bidding, requesting bidders to state a base bid for the project as a whole plus the specific amount which would be added to or deducted

from the base bid for each of 16 alternate proposals. When the contract was executed, alternates numbered 2C, 13C and 15C were expressly included in the contract. In his first cause of action, plaintiff seeks payment of $50,000, the amount of its bid under alternate 12C. That provision of the proposal reads as follows:

" ALTERNATE NO. 12c — ACQUISITION OF ADJACENT PROPERTY

" a. It is anticipated that the adjacent property to the west of the present site, which is presently being utilized as a parking lot, will be acquired by New York City. In such event, the Contractor will be permitted to use a portion of this adjacent property for material storage, staging and access to the present building site. (see Drawing A-1 for extent of area to be available) In the event this property is not acquired within 90 days of Notice to Proceed, the Contractor shall state the addition to the Contract Amount should this property not be available for use by the Contractor."

It is not disputed that the property referred to in alternate 12C was not acquired within the appropriate time limits. Defendant successfully urged before Special Term that since alternate 12C was not expressly listed in the final contract, it was not a part of that contract and could not be claimed by plaintiff as an item which had been breached. Plaintiff contends that the contract stated that all terms and provisions contained in the proposal and specifications were included in the contract, and that alternate 12C, in addition to being included under the umbrella of this provision, was in any event a self-executing provision which was not conditioned upon acceptance or rejection.

It is, of course, fundamental so as not to require citation of authority that a contract must be read to give meaning to all its provisions, and any ambiguity must be construed against the party who drafted the contract. Furthermore, in construing the words of a contract, they must be given their ordinary meaning unless the context requires a different construction. Thus, the general provision including within the contract all terms, conditions and provisions set forth in the notice to bidders, the proposal, the general conditions, the drawings, and the specifications, as if such terms, conditions and provisions were expressly and specifically set forth, would ordinarily require inclusion of 12C. On the other hand, the express acceptance of 2C, 13C and 15C gives rise to the implication that other alternates were not to be included. The court at Special Term

applied the latter rule, for in his view, adoption of the former would require the inclusion of all other alternates in the contract merely because they were contained in the proposals and specifications.

Special Term did note that alternate 12C differed in nature from the three alternates which were expressly accepted. It is also obvious to us that the other 12 alternates were similar in nature to the three which were accepted and different from 12C. In our view, it was in failing to give any effect to this difference that Special Term erred. Alternate 13C, for example, called for specified aluminum windows instead of steel windows. Similarly, all the other alternates, excepting 12C, called for additions or deletions of components, substitution of materials, and the like with regard to specific and limited items. Obviously, only an alternate or the provision it replaced could be operative, lest there be a confusing duplication of work. None of them were of such a nature as to be automatically includable upon the occurrence or nonoccurrence of a specified condition.*

Alternate 12C, however, was not a true alternative in terms of structural components or materials. Rather, in anticipating that a specified parcel of property as indicated on the drawings would be available for use as a storage, staging and access area, this item of the contract was setting forth a condition which would affect performance of the contract in its entirety, and thus was a factor to be taken into account by bidders in estimating their costs of performance. In directing bidders to " state the addition to the Contract Amount should this property not be available for use by the Contractor ", it must have been anticipated that the unavailability of said property would result in increased costs of performing the contract as a whole. By the very terms of the provision, a 90-day period was established for determining whether or not the property would in fact be available. Therefore, this provision did not lend itself to acceptance at the time of contract execution, whereas the other alternates were amenable to acceptance or rejection. Under these circumstances, we accept plaintiff's contention that alternate 12C was self-executing upon the failure of defendant after 90 days to acquire the property. None of the other alternates contained language indicating that they were self-executing upon

---

* Furthermore, although it need not be decided, there is reason to believe that all the alternates remained part of the contract subject to later election by the defendant, for under article 29 of the General Conditions, defendant reserved the right to make changes in the work and, where appropriate, pay for those changes the prices which had been bid in the alternate proposals.

a stated condition, nor were they of such a nature that they could be self-executing.

The court at Special Term found that plaintiff, as an experienced contractor, should have known that alternate 12C was subject to acceptance or rejection by the owner. We disagree. If defendant did not wish to pay the addition to the contract set forth by plaintiff in its bid which would be paid upon unavailability of the property, it should have rejected the bid. Having failed to do so, we feel that plaintiff was entitled to rely on the language indicating that the contract price would be increased by that stated addition, $50,000, if the property were not acquired. The order should be reversed, and summary judgment granted to plaintiff on its first cause of action.

The order should be reversed, on the law, defendant's motion to dismiss the first cause of action should be denied, and plaintiff's motion for summary judgment on the first cause of action should be granted, with costs.

HERLIHY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Order reversed, on the law, defendant's motion to dismiss the first cause of action denied, and plaintiff's motion for summary judgment on the first cause of action granted, with costs.