◼ ALLIED CHEMICAL CORPORATION, Appellant-Respondent, v ALPHA PORTLAND INDUSTRIES, INC., Respondent-Appellant.—Order unanimously af-firmed, without costs. Memorandum: Both parties appeal from a denial of their motions for partial summary judgment. Plaintiff seeks an order declaring that the contract between the parties has terminated, while defendant requests a declaration that the contract continues in full force and effect. Special Term determined that factual questions exist concerning both the intent of the parties as to the meaning of the terms of the contract and also whether the parties modified the contract by their conduct subse-quent to its execution. In 1921 plaintiff's predecessor in interest, The Solvay Process Company, and defendant entered into a contract whereby plaintiff

promised to sell a certain quantity of limestone to defendant each week. Paragraph "9" of the agreement provides: "The term of this contract shall be from the date hereof during the time that Solvay shall be quarrying stone at its present quarries at Jamesville, New York, for its own use for manufacturing purposes. Upon Solvay ceasing to so quarry stone at said Jamesville quarries, this contract shall wholly terminate as to the future." The contract also grants defendant an option to purchase quarrying rights, if plaintiff "ceases quarrying stone from its present quarries", on up to 50 acres of limestone-bearing "land now comprising such quarries". In 1925 the contract was amended to increase both the quantity of limestone to be sold as well as the number of acres subject to defendant's option. The amendment further prescribed that the 1921 agreement "shall have the same force and effect as heretofore, as fully, in all respects, as if this amendatory arrangement had not been entered into". In 1975 plaintiff ceased quarrying stone on the lands it quarried in 1921 and notified defendant that it was terminating the agreement. Defendant responded that the contract was still in force and warned that it would hold plaintiff responsible for any damages resulting from nondelivery of the limestone. Special Term correctly determined that plaintiff continues to quarry stone for its own manufacturing purposes, but the question presented is whether plaintiff has ceased quarrying stone at its "present quarries at Jamesville". In accord with the fundamental principle that the words in a contract should retain their plain and ordinary meaning unless the context mandates a different interpretation (*Laba v Carey,* 29 NY2d 302, 308, mot for rearg den 30 NY2d 694; *Mars Assoc. v Health & Mental Hygiene Facilities Improvement Corp.,* 47 AD2d 5, affd 38 NY2d 878), we find that the terms "present quarries" refer only to the quarries existing at the time of the execution of the agreement (see *Hawaiian Pineapple Co. v Saito,* 270 F 749; *Barry v Mayor,* 38 App Div 632; *Berger Props. v Kay Jewelry Co.,* 147 Misc 173). We further conclude that the contract has no applicability to lands which were not being quarried in 1921. The option provision of the contract grants defendant quarrying rights to "the land now comprising such quarries". Obviously, the option does not include lands subsequently excavated and thus defendant's position that it is entitled to purchase limestone removed from lands which were not being quarried in 1921 is at least inconsistent with the option clause. Moreover, the word "quarry" has been interpreted to mean the spot where the stone is extracted and not "an indefinite extent of stone or rock which may be worked" (*Shaw v Wallace,* 25 NJL 453, 462; accord, *Hoysradt v Delaware, Lackawanna & Western R. R. Co.,* 151 F 321; revd on other grounds 159 F 383, cert den 209 US 551). Likewise, the dictionary defines "quarry" as "a place where stone or slate is excavated" (Webster's New Twentieth Century Dictionary, [2d ed], Unabridged, 1964). Accordingly, we conclude that the parties intended that the contract should terminate when plaintiff ceased quarrying stone upon the lands which it owned at the time of the execution of the contract. Defendant's argument that plaintiff continues to operate a crushing plant, dumps and related storage facilities on the land it owned in 1921, and that it is therefore engaging in activities which satisfy the requirement that it be "quarrying stone at its present quarries" does not alter our conclusion. "Quarrying" refers only to those activities which are inextricably related to the extraction of stone from the earth; it does not embrace the operation of related facilities (see *Ellis v Commissioner of Dept. of Mental Hygiene & Hosp.,* 206 Va 194; *Wilson v Pencader Corp.,* 57 Del 290, 295; *Struyk v Samuel Braen's Sons,* 17 NJ Super 1, 5-6, affd 9 NJ 294; *Ruttledge v Kress,* 17 Pa Super 490, 495). Defendant erroneously relies upon

the conduct of the parties subsequent to the execution of the contract in order to demonstrate that the words of the contract do not comport with their plain meaning *(West, Weir & Bartel v Carter Paint Co.,* 25 NY2d 535, 540, mod 26 NY2d 969; *Brainard v New York Cent. R. R. Co.,* 242 NY 125, 133). Nor does section 2-202 of the Uniform Commercial Code permit the consideration of such evidence inasmuch as the present contract predates the code *(Eskimo Pie Corp. v Whitelawn Dairies,* 284 F Supp 987, 992; *Gem Corrugated Box Corp. v National Kraft Container Corp.,* 427 F2d 499, 502). Defendant may, however, rely upon extrinsic evidence to establish that the parties have modified the agreement (see *Martin v Peyton,* 246 NY 213, 218; *Beatty v Guggenheim Exploration Co.,* 225 NY 380; *Margolys v Mollenick,* 98 NYS 849; *Dow Chem. Co. [U.K.] v S. S. Giovannella D'Amico,* 297 F Supp 699, 707). In setting forth such evidence, defendant has raised questions of fact sufficient to defeat plaintiff's motion for summary judgment. Accordingly, the trial court will be obliged to examine the conduct of the parties under the agreement to determine whether the contract has been modified. Finally, plaintiff acknowledges in its reply brief that the court properly denied summary judgment as to its claim that defendant has no further rights respecting other portions of the option provision of the agreement (see CPLR 3212, subd [b]). (Appeals from order of Onondaga Supreme Court —summary judgment.) Present—Moule, J. P., Cardamone, Dillon, Goldman and Witmer, JJ.