■ ACME BUILDERS, INC., Appellant, v FACILITIES DEVELOPMENT CORPORATION, Respondent.—Appeal from a judgment of the Supreme Court in favor of defendant, entered October 18, 1977 in Albany County, upon a decision of the court at a Trial Term, without a jury, which dismissed plaintiff's complaint. Plaintiff, as the successful bidder, was awarded a contract by defendant for construction work on a new boiler plant and alteration of an existing boiler room at a rehabilitation center in Woodbourne, New York. The instant controversy concerns plaintiff's obligation under the contract to paint the existing boiler room. In this regard, the contract specifications provide in section 9E, in pertinent part, as follows: "a. The work under this heading consists of all labor, materials, equipment and appliances required for all painting and finishing work as shown on the drawings, specified herein, and as required by conditions at the site, in general as follows: (1) Paint and finish: c. Existing masonry and concrete surfaces which have been disturbed due to the alteration work." The bid proposal contained a proposed alternate, which was not awarded. Listed in this alternate proposal were certain alterations to the existing boiler room which were specified as being included in the base bid. The painting of the existing boiler room was not listed as being so included. When requested to paint the existing boiler room, plaintiff objected but, under protest, em-

ployed a firm to do the painting. This action was then commenced to recover $11,495, the amount paid by plaintiff to said firm, together with profit and overhead. Following a trial without a jury, plaintiff's complaint was dismissed and this appeal ensued. The drawings in question illustrate painting to be done to the floor, base, wall and ceiling of the existing boiler room and the specifications refer, in general, to the painting of surfaces which have been disturbed due to alteration work. It is plaintiff's contention that such language creates an ambiguity in the contract and thus the usual rules permitting consideration of surrounding circumstances related to the execution of the contract may be applied to determine the intent of the parties (*Mister Filters v Weber Environmental Systems*, 44 AD2d 639). Concomitantly, it seeks to avoid responsibility for the painting under the main contract by reference to language in the unawarded alternate which could be construed as implying that all matters related to the construction of new facilities were handled exclusively in the alternate proposal. Thus, plaintiff argues that the alternate proposal should be considered an integral part of the agreement reached by the parties, relying upon *Mars Assoc. v Health & Mental Hygiene Facilities Improvement Corp.* (47 AD2d 5, affd 38 NY2d 878). We find this reliance misplaced. In *Mars Assoc.* this court found an alternate contract to be self executing if not rejected, and thus part of the contract agreement even though the alternate itself was not awarded. Moreover, in *Mars Assoc.* the alternate contained language much different in nature than the matter before us and we cannot view the alternate here as part of the agreement between the parties. However, of controlling importance are the drawings which clearly mandate the obligation to provide the painting in dispute. If there were any ambiguity present in plaintiff's mind as to its performance under the contract, it was bound under the terms of the contract to submit questions as to the intent of the drawings to the architect in writing *before* the submission of a proposal. Upon a review of the record we conclude that Trial Term was correct in its findings and conclusions. Judgment affirmed, with costs. Mahoney, P. J., Greenblott and Kane, JJ., concur.

Sweeney and Main, JJ., dissent and vote to reverse in the following memorandum by Sweeney, J. Sweeney, J (dissenting). While the drawings in question illustrate painting to be done to the floor, base, wall and ceiling of the existing boiler room, the specifications refer, in general, to the painting of surfaces which have been disturbed due to alteration work. In our view, the language used creates an ambiguity in the contract. Where such an ambiguity is found, the situation of the parties and the surrounding circumstances attendant upon the making of the contract are to be taken into consideration (*Mister Filters v Weber Environmental Systems*, 44 AD2d 639; *Germaine v Safeguard Ins. Co.*, 7 AD2d 830). Consequently, it is necessary to consider the fact that the unawarded alternate proposal would have required much more extensive alterations to the existing boiler room and the fact that the alternate proposal specified certain alterations to the existing boiler room which were to be included in the base bid and the painting of the boiler room was not specifically mentioned. Plaintiff could have reasonably concluded that painting the existing boiler room was only required if the alternate was awarded. It is also a fundamental tenet of contract construction that any ambiguity must be construed against the party who drafted the contract (*Mars Assoc. v Health & Mental Hygiene Facilities Improvement Corp.*, 47 AD2d 5, affd 38 NY2d 878). As to that section of the contract noted by the majority which required the submission of questions regarding the intent of the drawings to the architect in writing before

submission of the proposal, it does not seem from the record that plaintiff ever questioned the intent of the drawings. It would appear that plaintiff submitted its proposal on the basis that the painting in question was only required if the alternate proposal were awarded. From our review of the record, we conclude that the trial court erred in holding that the painting of the existing boiler room was required by the contract and, thus, dismissing the complaint. It is within the power of this court to grant the judgment which upon the evidence should have been granted by the trial court (*Grow Constr. Co. v State of New York,* 56 AD2d 95). At the trial, defendant failed to offer any qualifying evidence as to the proper measure of damages. Absent such qualifying testimony, plaintiff's method of proof and measure of damages should be accepted (see *Shore Bridge Corp. v State of New York,* 186 Misc 1005, 1016, affd 271 App Div 811). Consequently, we are of the opinion that the painting of the existing boiler room was extra work not covered by the main contract and that plaintiff sufficiently established damages as the cost of hiring the outside firm to do the painting plus 10% profit and 10% overhead. The judgment, therefore, should be reversed, and judgment granted to plaintiff in the sum of $11,495 with interest thereon.