■ H. Spencer Kupperman, Respondent, v Melvin Ware, Appellant.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Golden, J.), dated May 16, 1986, which granted the plaintiff's motion for summary judgment and directed specific performance of the contract by the defendant.

Ordered that the order and judgment is affirmed, with costs, and the defendant's time to specifically perform the contract of sale is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

The terms of the standard real estate contract of sale and the attached rider are unambiguous and represent the clear intentions of the parties *(Chimart Assocs. v Paul,* 66 NY2d 570; *Laba v Carey,* 29 NY2d 302, *rearg denied* 30 NY2d 694; *Levine v Shell Oil Co.,* 28 NY2d 205). The defendant's assertion of an apparent contradiction between the contractual provision that the premises would be transferred free of violations at closing and the "as is" clause is without merit. Courts will not adopt interpretations of a contract which would render it without force and effect *(see, Laba v Carey, supra,* at 308), particularly in the presence of a merger clause in that contract. Under the circumstances, the Supreme Court properly precluded the defendant from introducing parol evidence to contradict or modify the contract *(see, Fogelson v Rackfay Constr. Co.,* 300 NY 334, *rearg denied* 301 NY 552; *Katz v American Tech. Indus.,* 96 AD2d 932).

The defendant's allegations of fraudulent inducement were insufficient to preclude the granting of the plaintiff's motion for summary judgment *(see, Kypreos v Spiridellis,* 124 AD2d 786). Further, the defendant has failed to substantiate his claim that his illness prevented him from tending to his affairs *(see, Corhill Corp. v S.D. Plants, Inc.,* 9 NY2d 595). Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.