■ Andrew G. Tarantino, Respondent, v Josephine Tarantino, Appellant.—In an action for the partition of real property, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Robbins, J.), dated December 11, 1987, as, after a nonjury trial, directed that the net proceeds of the sale of the premises in question be divided equally between her and the plaintiff husband.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

We find that the Supreme Court properly interpreted the parties' judgment of divorce and their stipulation, which survived the judgment, to provide that the plaintiff husband was entitled to receive one half of the net proceeds from the sale of the marital home.

In addition to the factual circumstances set forth by our dissenting colleague, we specifically note that on July 28, 1976, when the judgment of divorce was granted, the parties'

unemancipated children were then 17 years of age and 19 years of age, respectively. Nevertheless, the parties stipulated and the divorce judgment provides that the defendant wife could remain in exclusive possession of the marital premises "for a period of ten (10) years from the date of this Judgment or until the Defendant remarries, whichever occurs first". Further, although there was no mention in the stipulation or the divorce judgment of mortgage payments, the plaintiff testified that the parties had agreed that the defendant would pay the mortgage and that from the gross proceeds from the sale of the house, the parties would pay the expenses of selling the house, and the defendant would be given credit for the mortgage payments to the extent that the principal of the mortgage was reduced, with the remaining proceeds divided equally between the parties. The defendant offered no contradictory testimony.

Therefore, the challenged provision in the stipulation and the divorce judgment that "the Plaintiff's equity in the marital premises [was to be] fixed as of the first day of June, 1976" should be construed to refer to the fact that during the 10-year period of the defendant's exclusive possession, the plaintiff's interest in the marital residence, which was 50% as of June 1, 1976, could not be diminished by the fact that the defendant was paying the mortgage payments on the marital premises for the period after June 1, 1976.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence and Sullivan, JJ., concur.

Kooper, J., dissents and votes to reverse the judgment insofar as appealed from, on the law, and to limit the plaintiff husband's share of the proceeds from the sale of the marital residence to 50% of its 1976 value, with the following memorandum: Since I am unable to concur in what I perceive to be an unwarranted construction of the provisions of the parties' judgment of divorce pertaining to the disposition of the marital premises, I must dissent from the majority's determination and cast my vote for reversal.

The record reveals that the parties were married in 1952, and, at the time they were divorced in 1976, had two unemancipated children. On June 1, 1976, the parties—each represented by counsel—appeared before the Supreme Court, Queens County, and placed an oral stipulation of settlement on the record. With regard to the marital premises, the parties agreed that the defendant wife would be permitted to "remain in possession of the marital abode" with the two

unemancipated issue of the marriage. The stipulation further provided that the premises were "to be sold if the defendant remarries or ten years from the date hereof, whichever occurs first". With regard to the parties' respective interests in the marital premises, the stipulation stated that, "[i]t is further agreed that *the plaintiff's equity in the marital abode shall be fixed as of today"*, i.e., June 1, 1976 (emphasis added).

Subsequently, by judgment dated July 28, 1976, the Supreme Court granted the parties a judgment of divorce. The aforementioned stipulation was incorporated in but not merged with the judgment. With regard to the marital premises, the judgment of divorce stated that the defendant was to receive exclusive possession of the marital premises "for a period of ten (10) years from the date of this Judgment or until the Defendant remarries, whichever occurs first, at which time the premises are to be sold at a reasonable market price, *the Plaintiff's equity in the marital premises being fixed as of the first day of June, 1976"* (emphasis added). The agreement obligated the plaintiff to pay alimony and child support to the defendant in the amount of $55 per week. The plaintiff's obligation with respect to alimony was, however, exclusive of, *inter alia,* "extraordinary repairs of the marital premises". The defendant paid the mortgage and tax expenses associated with the premises and was responsible for ordinary repairs.

In 1986, the parties became involved in a dispute with regard to the manner in which the plaintiff husband was entitled to share in the proceeds obtained upon any sale of the marital premises. The defendant wife, relying upon the provision in the judgment of divorce fixing the plaintiff's "equity" as of June 1976, argued that the plaintiff's interest in the premises should be computed on the basis of the premises' value in 1976, whereas the plaintiff argued that such a result could not have been intended and that he was entitled to share in one half the net proceeds from the sale.

The plaintiff commenced the instant action for partition and sale of the marital premises. After a nonjury trial, the Supreme Court, in the judgment appealed from, held that the plaintiff's interest in the premises was to be determined in accordance with its present value.

It is a "fundamental tenet of law that the words in a contract should be given their plain and ordinary meaning, unless the contract mandates a different interpretation" *(Gottlieb v 180 Hartsdale Assocs.,* 119 AD2d 542, 543). As the Court

of Appeals has observed, "[i]n adjudicating the rights of parties to a contract, courts may not fashion a new contract under the guise of contract construction" *(Slatt v Slatt,* 64 NY2d 966, 967, *rearg denied* 65 NY2d 785). Moreover, "[w]here the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" *(Slatt v Slatt, supra,* at 967). It is "the duty of the court to enforce rather than reform the bargain struck" *(Grace v Nappa,* 46 NY2d 560, 565, *rearg denied* 47 NY2d 952) and courts may not "make an artificial interpretation of the contract" merely "because one of the parties has made an improvident bargain" *(Aloi v Board of Educ.,* 81 AD2d 874, 876; *cf., McFarland v McFarland,* 70 NY2d 916, 918; *Gorman v Gorman,* 87 AD2d 674).

The language of the parties' judgment of divorce with respect to the plaintiff husband's interest in the marital premises is clear and unambiguous. The provision in question unequivocally states that the plaintiff husband's equity in the premises is to be "fixed as of the first day of June, 1976". The mandate of that language has no reasonable interpretation other than its plain meaning: whatever interest the plaintiff has in the marital premises was "fixed" as of June 1, 1976.

The plaintiff argues that a contrary result may be inferred from provisions in the judgment requiring the defendant to sell the premises at a "reasonable market price", and requiring the plaintiff to provide assistance with respect to "extraordinary repairs" of the marital premises. The fixing of the plaintiff's share at 50% of the premises' 1976 value does not mean that he has no interest in ensuring that the premises be sold for a "reasonable market price". In 1976 when the parties executed the stipulation, they may not have anticipated the rise in real estate prices which ultimately occurred. Thus, in 1976 the plaintiff's concern may have been to ensure that the premises were sold at a price which would enable him to fully recoup the sum to which he is entitled under the judgment.

Accepting the plaintiff's position nullifies the language of the judgment which "fixed" the plaintiff's equity as of a specified date *(cf., Spaulding v Benenati,* 57 NY2d 418, 425; *Kupperman v Ware,* 130 AD2d 719). Had the parties merely intended that each would share in the proceeds of a subsequent sale, whenever that sale took place, they would have so stated without reference to the fixing of the plaintiff's equity as of a specified date.

Moreover, since the parties were well aware that the sale of the premises was to take place at some future date, their

pointed reference to the fixing of the plaintiff's "equity" as of June 1976 cannot be explained away as inadvertent, but must be construed as a deliberate and conscious attempt to settle the plaintiff's interest in the parties' key marital asset. The fact that the plaintiff now perceives that the bargain he struck in 1976 is one which is less favorable to him than he might have hoped constitutes no basis for rewriting the contract's clear and unambiguous provisions.