■ ROANOKE SAND AND GRAVEL CORP. et al., Appellants-Respondents, v JEFFREY E. FUNFGELD, Respondent-Appellant. [703 NYS2d 744] —In an action, *inter alia*, to recover damages for breach of a covenant not to compete contained in an agreement between the parties, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated January 4, 1999, as denied that branch of their motion which was for summary judgment on the complaint, and the defendant cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the plaintiffs' motion which was to dismiss his fifth and sixth affirmative defenses.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment on the issue of liability and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

The covenant not to compete in the parties' agreement, which prohibited them from directly or indirectly owning, leasing, or in any way controlling or operating any "sand and stone extraction business" in a specified area, was not ambiguous. There-

fore, the Supreme Court erred when it considered extrinsic evidence in interpreting that provision (*see, Chimart Assocs. v Paul,* 66 NY2d 570; *Posh Pillows v Hawes,* 138 AD2d 472; *Allied Chem. Corp. v Alpha Portland Indus.,* 58 AD2d 975, 976-977). The defendant's extraction of sand and gravel in the specified area was a clear violation of the covenant.

This Court previously found that the defendant's contentions asserted in his fifth and sixth affirmative defenses were without merit (*see, Roanoke-Funfgeld I. Irrevocable Trust v Roanoke Sand & Gravel Corp.,* 248 AD2d 455).

The question of damages cannot be resolved on this record. Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.