as a second felony offender under section 1941 of the Penal Law. The relator claims that his District of Columbia robbery conviction would not have constituted a felony conviction in this State, and thus he was not properly subject to multiple offender treatment. The Trial Judge dismissed the writ on the ground that although the foreign robbery conviction might not constitute a violation of the New York State robbery statutes, it would constitute a violation of our grand larceny statutes and thus be a felony in this State. We can envision factual situations which would constitute a crime under the foreign section in question but which would constitute no more than a misdemeanor in this State (*People* v. *Olah*, 300 N. Y. 96). The matter must be remitted to the County Court for a new hearing at which the court may examine the foreign information or indictment to determine the material and operative facts which constitute the criminal offense as defined by the foreign statute, and to decide whether the offense would constitute a felony if committed here (*People* v. *Love*, 305 N. Y. 722; *People* v. *De Veaux*, 7 A D 2d 622). All concur. (Appeal from an order of Wyoming County Court dismissing a writ of habeas corpus and remanding relator to the custody of the Warden of Attica Prison.) Present—McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ STANLEY GERMAINE et al., Respondents, v. SAFEGUARD INSURANCE COMPANY, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The trial court erred in excluding the proffered testimony of defendant's agent, Koski, and its special agent, Foster, as to conversations had with plaintiff, Stanley Germaine, prior to the issuance of a policy in January, 1955. While the present action is based upon a renewal of that policy there was proof before the jury that prior to 1955 defendant had issued to plaintiffs a liability policy covering the entire building. It is the contention of defendant that in January of that year plaintiffs requested less expensive coverage and thereupon a policy was issued to cover only the restaurant premises at 7 South Second Street. The policy as issued is patently ambiguous. In one place the insured premises are described as 200 Oneida Street where concededly the accident occurred. Elsewhere in the policy it appears that the premium was computed upon a certain square foot area, which defendant claims is the restaurant conducted by plaintiffs at 7 South Second Street, although such street address does not appear in the document. The sharp issue to be decided by the jury was the extent of the coverage afforded by the policy, which upon its face was ambiguous. The rule is well established that " Where the meaning of the contract is not clear, the situation of the parties and the surrounding circumstances at the time of the making of the contract are to be taken into consideration." (2 Clark, New York Law of Contracts, § 801.) All concur. (Appeal from a judgment of Oswego Trial Term for plaintiffs in an action under a liability insurance policy.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ DANIEL McNAMARA, Respondent, v. ALLSTATE INSURANCE COMPANY, CHICAGO, ILLINOIS, Appellant. (Action No. 1.) — Judgment affirmed, with costs. All concur. (Appeal from a judgment of Cattaraugus Trial Term for plaintiff in an action under an automobile liability insurance policy.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ DANIEL McNAMARA, Respondent, v. ALLSTATE INSURANCE COMPANY, CHICAGO, ILLINOIS, Appellant. (Action No. 2.) — Judgment affirmed, with costs. All concur. Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS MEERS, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent.