■ MOBIL OIL CORPORATION, Appellant, v JOHN M. FRASER et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed, with costs. Memorandum: Plaintiff, Mobil Oil Corporation, appeals from a judgment which dismissed its complaint as against two of the defendants, John M. Fraser and G. A. Weiss Stations, Inc., and limited its recovery against the remaining two defendants, Kramer Service Center, Inc., and Malden Service Station, Inc., after a nonjury trial of an action for an accounting and remission of sums which plaintiff claims were improperly deducted and withheld under consignment agreements between the parties. Kramer and Malden appeal from that part of the judgment which granted plaintiff partial recovery as against them. Mobil entered into a contractual relationship with the four defendants whereby each defendant was appointed Mobil's nonexclusive consignee for the distribution and sale of gasoline at a designated New York Thruway service station. Such stations were subleased by Mobil to the consignees for a three-year period ending December 31, 1975, but terminable by either party upon 90 days' notice. The dispute between the parties revolved around the construction of Schedule A, one of several documents which comprised the agreement "package" which determined the amount of commissions the consignees would receive. The first and second paragraphs of Schedule A, are not in dispute. They provide that in the event Mobil's tank wagon price (wholesale price charged by Mobil to all service station operators in the northeast region) remains unchanged or decreases, the consignee's commission shall be increased one-fourth cent for each full cent per gallon increase on the posted retail price (prices posted on the face of a gasoline pump) charged to the consumer. The third paragraph of Schedule A, upon which this litigation is focused, provides: "If the tank wagon price for the area in which the service station is situated is changed upward and the posted retail price charged consumers remains the same, consignee's commissions shall remain the same, but if the posted retail price charged the consumer exceeds or is subsequently increased to exceed said tank wagon price by an amount of 1.0 cent per gallon or more for Mobil Regular and Mobil Fuel Diesel or 1.0 cent or more per gallon for Mobil Special and Mobil Premium, then consignee's commission shall be increased ¼ cent per gallon for each full cent (one cent) the posted retail price charged consumers is increased in addition thereto." In September, 1973 the Federal Energy Administration (FEA) imposed a ceiling on retail prices and permitted an increase in pump price in order to pass through increased crude oil costs. From January 1, 1973 until the trial, wholesale prices rose 14.3 cents per gallon while retail prices rose 17.3 cents per gallon. With the exception of a three cent per gallon increase authorized by the FEA on April 2, 1974 (10 CFR 212.83[c][2]), every rise in retail prices was a simple pass-through of wholesale fuel cost increases brought about by the rising price of crude oil. The April 2, 1974 regulation however, permitted refinery operated stations to increase retail prices by three cents per gallon to match increases of one cent per gallon and two cents per gallon allowed nonrefinery stations by regulations promulgated on January 1 and March 1, 1974 respectively. On each occasion that retail prices rose, all the defendants

withheld additional commissions of one-fourth cent per gallon for each one cent rise in posted retail prices. Kramer and Malden also withheld the full balance of the three cent retail price increase authorized by the FEA. Mobil contends that the defendants are entitled to increased commissions limited to three-fourths cent per gallon to reflect the three cent price rise, since wholesale prices did not rise correspondingly with retail prices. It asserts that the defendants are not entitled to receive any other increased commissions inasmuch as retail price increases were merely a pass-through of increased wholesale costs and did not represent an increase in the margin between wholesale and retail price. Mobil interprets paragraph 3 of Schedule A to allow increased commissions only when retail prices are increased more than wholesale prices. The defendants argue that the third paragraph of Schedule A clearly provides that so long as the retail price is at least one cent per gallon more than the wholesale price, any one cent increase in the retail prices produces an additional commission of one-quarter cent per gallon. Viewing the language of the final paragraph of Schedule A with the benefit of hindsight, it appears that it may be susceptible to more than one interpretation. Perhaps the words employed fail to convey the intention of the parties with perfect clarity. Nonetheless, a reasonable interpretation of the words used in Schedule A leads to the conclusion that increased commissions are based on increased posted pump prices (retail) regardless of the movement of tank wagon prices (wholesale) so long as the retail price remains at least one cent higher than the wholesale price. Moreover, the negotiations and conduct of the parties as revealed from the proof at trial clearly demonstrates that the defendants were informed by Mobil's employees and understood that they were permitted increased commissions on the basis of rises of retail prices regardless of simultaneous increases of wholesale prices (Rudman v Cowles Communications, 30 NY2d 1, 11; Germaine v Safeguard Ins. Co., 7 AD2d 830; 3 Corbin, Contracts, §§ 542, 542A, 543, 579; 4 Williston, Contracts [3d ed], § 630). No other explanation of commission allowance under Schedule. A was related to any of the consignee-dealers prior to entering into the contract. Further, the initial concurrence by Mobil's agents in defendants' interpretation of the now contested paragraph reflects the interpretation that the parties themselves placed on the agreement subsequent to its formation (Nicoll v Sands, 131 NY 19, 24; 6 Encyclopedia NY Contracts Law, § 810; 4 Williston, Contracts [3d ed], § 623). As a last resort, in case of doubt or ambiguity a written contract is construed most strongly against the party who prepared it (Evelyn Bldg. Corp. v City of New York, 257 NY 501, 513; 10 NY Jur, Contracts, § 223). Finally, we agree with the trial court that defendants Kramer and Malden may not retain the entire three cent per gallon increase authorized by the FEA directive. Since they are consignees rather than independent dealers, pursuant to the consignee agreement they are only entitled to three-fourths cent commission on the three cent retail price increase. (Appeal from judgment of Herkimer Supreme Court—accounting.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ.