■ CARL STEIGERWALD, Appellant, v DEAN WITTER REYNOLDS, INC., et al., Respondents. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term erred in granting defendants' motion for summary judgment dismissing the complaint. With respect to the breach of contract cause of action, plaintiff alleges and defendants admit that plaintiff's initial compensation was fixed for a six-month period and was to be renegotiated at the end of that period. We find that the agreement to reevaluate plaintiff's salary after the first six months creates a factual issue as to whether the contract was terminable at will or for a fixed term (see *Gressing v Musical Instrument Sales Co.,* 222 NY 215; *Myers v Coradian Corp.,* 92 AD2d 643). A factual issue is also presented with respect to plaintiff's fraudulent misrepresentation cause of action. Plaintiff alleges that Doolan, a former vice-president of Dean Witter, represented that Dean Witter intended to open an office in Syracuse, that its executive committee had approved the opening of such office and the hiring of plaintiff, and that Doolan knew at the time he made those representations that they were not true. He claims that such representations were made for the purpose of inducing him to resign his position and that, in reliance on those representations, he resigned his position to his detriment. Nothing in the various documents submitted in support of defendants' motion and in opposition to plaintiff's motion refutes those allegations.

Indeed, Doolan's testimony at an examination before trial was that he could not recall making such representations. Relying on *Chase v United Hosp.* (60 AD2d 558) and *Wegman v Dairylea Coop.* (50 AD2d 108), defendants argue that plaintiff may not maintain a cause of action for misrepresentation because the allegations are essentially the same as those in his cause of action for breach of contract. In *Chase* and *Wegman* the fraud was based on the allegation that defendant never intended to perform the contract. Here, however, the allegations of fraud are separate and distinct from the allegations that defendants failed to perform the contract. A cause of action in fraud may be maintained where the allegations of wrongdoing are distinct from those giving rise to the breach of contract claim and relate to facts extraneous thereto (see *Charles v Onondaga Community Coll.,* 69 AD2d 144).

Special Term dismissed plaintiff's third cause of action holding correctly that there is no separate cause of action for punitive damages in New York (*Anderson v WHEC-TV,* 92 AD2d 747). However, inasmuch as plaintiff has asserted a cause of action for fraud, he should be permitted to amend his complaint to include a claim for punitive damages in his prayer for relief (see *Beck v General Tire & Rubber Co.,* 98 AD2d 756). (Appeal from order of Supreme Court, Onondaga County, Stone, J. — summary judgment.) Present — Denman, J. P., Boomer, Green and O'Donnell, JJ.