(January 22, 1991)

■ A & M WALLBOARD, INC., Respondent, v MARINA TOWERS ASSOCIATES et al., Appellants, et al., Defendants.—In an action to recover damages for breach of a contract, the defendants Marina Towers Associates, Marina Battery Park, Inc., Hudson Towers Housing Co., Inc., POD III Associates, LFO Construction Corp., Lefrak Organization, Inc., Lefrak Battery Supervision Corp., Fisher Battery Supervision Corp., Samuel Lefrak, Richard Lefrak, and Lester Fisher appeal (1) as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Feinberg, J.), dated December 23, 1988, as, upon a jury verdict, inter alia, is in favor of the plaintiff and against them in the principal amount of $1,367,802.22, and (2) from an order of the same court, entered February 21, 1989, which denied their motion to set aside a jury verdict and direct a new trial.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the appellants' contention, the record supports the jury's conclusion that a contract was formed between the parties. In this regard, we note that the evidence adduced at trial was sufficient to establish that all of the essential elements of the contract, including the price, the scope of the work to be performed, and the time of performance, were agreed upon by the parties.

The appellants' further contention that the defendant Sam-

uel Lefrak could not have bound the defendant LFO Construction Corp. (hereinafter LFO) to the subject contract because the plaintiff was unaware that Lefrak was an officer or agent of LFO, or because Lefrak lacked the authority to bind LFO, is without merit. The record supports the jury's conclusion that the plaintiff's President, Joseph Giamboi, knew or assumed that Samuel Lefrak was an officer of LFO when the contract was made, and that Samuel Lefrak was in fact the President and Chairman of the Board of LFO and had actual authority to enter into such contracts on its behalf. As President and Chairman of the Board of LFO, Samuel Lefrak is presumed to have had authority to enter into contracts in the ordinary course of the corporation's business (see, *Twyeffort v Unexcelled Mfg. Co.*, 263 NY 585; see also, *West View Hills v Lizau Realty Corp.*, 6 NY2d 344, 346). Moreover, it is undisputed that it was within the ordinary course of LFO's business as the general contractor for a construction project to enter into subcontracts such as the one at bar.

Although the appellants' further urge that the consent of all of the partners of a separate partnership entity was required to authorize Samuel Lefrak to act on LFO's behalf, this claim is contradicted by the trial testimony of the defendants' general counsel who conceded that neither that partnership nor the terms of its partnership agreement had anything to do with LFO. Moreover, if there were any special limitations on Samuel Lefrak's authority as LFO's President, it was the obligation of LFO or Lefrak to communicate such limitations to the plaintiff and to convince the jury that such limitations had been communicated (see, *Bosak v Parrish*, 252 NY 212; *Bradford Co. v Dunn*, 250 NY 461). However, the appellants failed to offer any evidence to establish that the existence of this separate partnership entity placed any limitations upon Samuel Lefrak's authority to bind LFO, or that any such limitation was communicated to the plaintiff. Accordingly, we reject the appellants' claim that Samuel Lefrak's authority to bind LFO to the subject contract was limited.

We have considered the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.