■■■ ARROW COMMUNICATION LABORATORIES, INC., Doing Business as ARCOM, Appellant, v PICO PRODUCTS, INC., et al., Respondents. [615 NYS2d 187] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1984 defendant Pico Products, Inc. (defendant), holder of a United States patent for "encoder" and "decoder" devices for a television security system, granted plaintiff a license to manufacture and sell the devices. In 1988 the parties entered into a revised license agreement (the license agreement). Paragraph 4 (d) of the license agreement provides the method for calculating the royalties to be paid to defendant. Construing paragraph 4 (d) as establishing a time when the license was "paid-up", plaintiff, in November 1991, discontinued royalty payments to defendant. Defendant rejected plaintiff's position that paragraph 4 (d) afforded plaintiff a "paid-up" license and terminated the license agreement. Plaintiff brought this action seeking, *inter alia,* a declaratory judgment that, under paragraph 4 (d), it had no further obligation to pay royalties and damages for wrongful termination of the license agreement. Supreme Court granted defendant's motion for summary judgment dismissing plaintiff's first, second, third and fourth causes of action and denied plaintiff's cross motion to dismiss certain affirmative defenses of defendant. The court erred in dismissing the first cause of action for a declaratory judgment and the fourth cause of action for wrongful termination of the license agreement. Thus, we modify the order appealed from by reinstating those causes of action.

The proper inquiry in determining whether a contract is

ambiguous is "whether the agreement on its face is reasonably susceptible of more than one interpretation" *(Chimart Assocs. v Paul,* 66 NY2d 570, 573). A party seeking summary judgment has the burden of establishing that the construction it favors " 'is the only construction which can fairly be placed thereon' " *(Dowdle v Richards,* 2 AD2d 486, 489). Defendant failed to meet that burden. The intricate effort by defendant to explain the meaning of paragraph 4 (d) in its affidavit in support of its motion for summary judgment demonstrates the lack of clarity and the ambiguity of the language in that paragraph. The lack of clarity of paragraph 4 (d) makes it susceptible to the construction proffered by both defendant and plaintiff. Thus, the intent of the parties must be determined by evidence outside the contract, and the construction of paragraph 4 (d) presents a question of fact that may not be resolved on a motion for summary judgment *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291; *Leon v Lukash,* 121 AD2d 693, 694).

The court properly denied plaintiff's motion to dismiss defendant's affirmative defenses. Defendant's assertion of a counterclaim for royalties did not constitute an election of remedies. Contracts involving patents are governed by State law *(see,* 14 Einhorn, Business Organizations—Patent Licensing Transactions, § 2.17 [1986]), and inconsistent pleadings are expressly permitted under CPLR 3014 *(Mitchell v New York Hosp.,* 61 NY2d 208, 218).

We also reject the contention of plaintiff that defendant's affirmative defense based on the lack of authority of Bernard Hitchcock to enter into a "paid-up" license agreement should have been dismissed. Hitchcock, as president of defendant when the license agreement was negotiated, had the presumed authority to enter into contracts on behalf of defendant, but only in the ordinary course of business *(see, A & M Wallboard v Marina Towers Assocs.,* 169 AD2d 751, 752, *lv denied* 78 NY2d 854). If it is determined that paragraph 4 (d) provides for a "paid-up" license, an issue of fact would arise whether that provision is "extraordinary" or "unusual" and outside of the ordinary course of defendant's business. If that agreement is found to be extraordinary or unusual, express authority would be required to enable Hitchcock to enter into it, and plaintiff would have to prove that such authority existed *(see, Burke v Bevona,* 931 F2d 998, 1001-1002).

Plaintiff's contention that defendant lacked the power to terminate the license agreement because it had been assigned to defendant Merchants National Bank & Trust Company of

Syracuse was not raised at Supreme Court and, therefore, may not now be considered *(see, Telaro v Telaro,* 25 NY2d 433, 439).

Finally, the court properly dismissed the second and third causes of action, which were based on defendant's breach of the "most favored licensee" clause in the licensing agreement *(see, Studiengesellschaft Kohle v Novamont Corp.,* 704 F2d 48, 52, *cert denied sub nom. U.S.S. Polypropylene Div. v Studiengesellschaft Kohle,* 464 US 939). (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.—Declaratory Judgment.) Present—Balio, J. P., Lawton, Callahan, Doerr and Boehm, JJ.