■ MICHAEL LEVEY, Respondent, v A. LEVENTHAL & SONS, INC., Appellant. [647 NYS2d 597] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: "The proper inquiry in determining whether a contract is ambiguous is 'whether the agreement on its face is reasonably susceptible of more than one interpretation' (*Chimart Assocs. v Paul,* 66 NY2d 570, 573)" (*Arrow Communication Labs. v Pico Prods.,* 206 AD2d 922, 922-923). In seeking summary judgment, both parties bore the burden of establishing that their construction of the employment agreement "is the only construction which can fairly be placed thereon" (*Utica Carting, Stor. & Contr. Co. v World Fire & Mar. Ins. Co.,* 277 App Div 483, 488, quoted in *Dowdle v Richards,* 2 AD2d 486, 489). Neither party met that burden. The letter of December 22, 1994, stating that plaintiff's weekly salary "represents a commission guarantee for the next 15 to 18 months * * * and will act as a 'safety net' ", renders the employment agreement ambiguous on the issue whether plaintiff's employment was at will or for a definite

term (see, Myers v Coradian Corp., 92 AD2d 643; cf., Matter of Tyson v Hess, 109 AD2d 1068, 1069, affd 66 NY2d 943). Supreme Court, therefore, properly denied defendant's motion for summary judgment (see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 291; Arrow Communication Labs. v Pico Prods., supra, at 923).

The court erred, however, in granting plaintiff's cross motion seeking a declaratory judgment. Because the language of the agreement is ambiguous, its construction presents a question of fact that should not be resolved on a motion for summary judgment (see, Leon v Lukash, 121 AD2d 693, 694). Further, "[a] cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract" (Apple Records v Capitol Records, 137 AD2d 50, 54). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.