United States Court of Appeals,
Eleventh Circuit.

No. 96-6072.

Gregory COLLINS, Plaintiff-Appellee,

v.

AMERICAN CAST IRON PIPE COMPANY, a corporation, and American Cast Iron Pipe Company Pension Plan, a devined benefit pension plan, Defendants-Appellants.

Feb. 18, 1997.

Appeal from the United States District Court for the Northern District of Alabama. (No. 95-PT-1323-S), Robert B. Propst, Judge.

Before TJOFLAT and DUBINA, Circuit Judges, and STAGG[*], Senior District Judge.

DUBINA, Circuit Judge:

In the district court, Plaintiff/Appellee Gregory Collins ("Collins") challenged Defendant/Appellant American Cast Iron Pipe Company's ("ACIPCO") calculation of his benefits under ACIPCO's ERISA[1]-governed pension plan ("the Plan"). Based upon the parties' stipulation of undisputed facts, the district court entered judgment in favor of Collins. ACIPCO and the Plan then perfected this appeal. For the reasons that follow, we reverse.

## I. BACKGROUND

Collins was an ACIPCO employee and a participant in the Plan, which is self-funded and administered by ACIPCO. After Collins was seriously injured on the job in 1987, ACIPCO began paying him worker's compensation benefits. Three years later Collins retired

---

[*]Honorable Tom Stagg, Senior U.S. District Judge for the Western District of Louisiana, sitting by designation.

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*

on disability and began drawing pension benefits.  ACIPCO then terminated his worker's compensation checks.  Collins hired an attorney to sue ACIPCO over his worker's compensation benefits and agreed to pay the attorney 15% of any recovery plus reasonable expenses.  Collins and ACIPCO settled the worker's compensation suit for $79,000, and ACIPCO tendered a check in that amount payable to Collins and his attorney.  Collins received $64,091.33 of the settlement, and his attorney received $14,908.67.  Two years later, ACIPCO notified Collins that, in accordance with the Plan, it would begin reducing his pension payments "by the amounts received for worker's compensation disability benefits."  R2-17, Exh. A.  The relevant Plan provision is as follows:

> *Adjustment to Benefits.*  Notwithstanding the provisions of this Plan, in the event that a Participant who is receiving a pension hereunder is or becomes eligible for a disability benefit under the Alabama Workmen's Compensation Law, as amended, the amount of such pension shall be reduced by the Workmen's Compensation *benefit payable to such Participant* in accordance with such rules and regulations as may be adopted by the Employer.[2]

R2-13, Exh. B, § 5.9 (emphasis added). Collins testified that he never received nor requested a copy of the Plan.  However, he concedes that he received two copies of the Summary Plan Description ("SPD"), which addresses this issue in two places. First, under the heading "Disability Retirement Pension," the SPD states:  "The amount of the Disability Retirement Pension will be reduced by any *benefit that the disabled employee receives* under the Alabama Workmen's Compensation Law."  R2-13, Exh. C at 3 (emphasis added).  A different section of the SPD elaborates:

---

[2]ACIPCO never adopted any clarifying rules and regulations.

"Workmen's Compensation Deductions. If a participant is or becomes eligible for a disability benefit under the Alabama Workmen's Compensation Law, the amount of the basic benefit will be reduced by the Workmen's Compensation *benefit payable to the participant.*" *Id.* at 4 (emphasis added).

Collins does not contest the reduction of his pension benefits to offset his worker's compensation settlement; rather, he argues that the offset should not include the 15% of the settlement that he paid to his worker's compensation attorney. Thus, this dispute is about who pays the attorney's fees: Collins or the Plan.

## II. STANDARD OF REVIEW

Because this appeal presents a purely legal question, our review of the district court's decision is plenary. *Ardestani v. United States Dep't of Justice,* 904 F.2d 1505, 1508 (11th Cir.1990), *aff'd,* 502 U.S. 129, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991).

## III. DISCUSSION

The first step in reviewing the benefits decision of an ERISA plan administrator is determining whether the administrator's interpretation of the Plan was legally correct. *See Lee v. Blue Cross/Blue Shield of Ala.,* 10 F.3d 1547, 1550 (11th Cir.1994); *Brown v. Blue Cross & Blue Shield of Ala.,* 898 F.2d 1556, 1566 n. 12 (11th Cir.1990), *cert. denied,* 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991). If the administrator's interpretation was correct, then the inquiry ends. If the administrator's interpretation was incorrect, we may still uphold it if the plan grants the administrator the authority to construe plan provisions

and the administrator's decision was not arbitrary and capricious. *Godfrey v. BellSouth Telecommunications, Inc.,* 89 F.3d 755, 757 (11th Cir.1996); *Florence Nightingale Nursing Service, Inc. v. Blue Cross/Blue Shield of Ala.,* 41 F.3d 1476, 1481 (11th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 2002, 131 L.Ed.2d 1003 (1995). The arbitrary and capricious standard is "a range, not a point." *Brown,* 898 F.2d at 1559, *quoting Van Boxel v. Journal Co. Employees' Pension Trust,* 836 F.2d 1048, 1052-53 (7th Cir.1987). Disinterested, impartial administrators are entitled to the greatest deference. Administrators with a conflict of interest receive less deference. *Brown,* 898 F.2d at 1564.

Based upon our review of the record, we conclude that ACIPCO's interpretation of the Plan was correct. The operative Plan provision states that pension benefits "shall be reduced by the Workmen's Compensation benefit *payable to* such Participant." R2-13, Exh. B, § 5.9 (emphasis added). The parties' dispute centers on whether "payable to" refers to the entire amount of the settlement benefit or just the $64,091.33 that Collins ultimately received. ACIPCO issued one settlement check for $79,000 payable jointly to Collins and his attorney. Collins signed the check over to his attorney for deposit in an escrow account. Thus, Collins exercised control over the funds before counsel deducted his fee. Under these circumstances, the entire $79,000 benefit was payable to Collins and, according to the plain language of the Plan, could be deducted from his pension benefits.

Collins contends that the Plan is ambiguous; therefore, under the rule of contra proferentum, he argues we should construe

it in his favor. *See Lee,* 10 F.3d at 1551 (rule of contra proferentum requires courts to construe ambiguities in ERISA plans against the drafter). According to Collins, the ambiguity lies in the different language used in the Plan and the SPD. Whereas the Plan uses the "payable to" language, the SPD states in one part that pension benefits will be reduced by any benefit the participant "receives" under the worker's compensation law. Collins argues that the language of the SPD should control, and that ACIPCO should offset his Plan benefits only by the amount of the settlement which he ultimately pocketed. Assuming the wording of the Plan differs materially from the wording of the SPD, the trouble with Collins' argument is that Collins admitted he did not read the SPD until after he filed this lawsuit. "[T]o prevent an employer from enforcing the terms of a plan that are inconsistent with those of the plan summary, a beneficiary must prove reliance on the summary." *Branch v. G. Bernd Co.,* 955 F.2d 1574, 1579 (11th Cir.1992). Collins is bound by the plain language of the Plan because he did not rely upon the "receives" language in the SPD in electing to file his worker's compensation suit.[3]

Collins also argues that ACIPCO's interpretation of the Plan placed him in an untenable position because ACIPCO effectively

---

[3]Collins cites *Germany v. Operating Engineers Trust Fund of Washington, D.C.,* 789 F.Supp. 1165 (D.D.C.1992), but that case is inapposite. In *Germany,* an injured participant in an ERISA plan was asked to sign a subrogation agreement requiring him to relinquish to the plan any recovery he got from a third party, including money spent on attorney's fees and expenses. The district court found the subrogation agreement invalid because it was much broader in scope than the language in the plan summary. *Id.* at 1172. The situation here is different because, among other things, Collins did not rely on the SPD. Therefore, ACIPCO is entitled to enforce the plain language of the Plan.

forced him to hire an attorney at his own expense to reinstate his worker's compensation benefits. As a threshold matter, ACIPCO was not required to contravene the plain language of the Plan to obtain a fairer result for Collins. Moreover, we discern no unfairness in ACIPCO's interpretation. Although Collins was *entitled* to pursue his worker's compensation claim and to obtain legal representation in that endeavor, he was not *required* to do so. Additionally, under Alabama law, "the employee is to be entirely responsible for the payment of attorney's fees" in worker's compensation cases. *Russell Coal Co. v. Williams,* 550 So.2d 1007, 1014 (Ala.Civ.App.1989), *citing* Ala.Code § 25-5-90 (1995). Thus, the employee "must bear the whole [attorney's] fee out of compensation awarded." *Rush v. Heflin,* 411 So.2d 1295, 1297 (Ala.Civ.App.1982). Collins' position—having to pay his worker's compensation attorney out of his own pocket—is no more untenable than the position of any worker's compensation plaintiff in Alabama.

Having determined that ACIPCO's interpretation of the Plan to require recoupment of Collins' entire worker's compensation benefit was correct, we need not address whether ACIPCO labored under a conflict of interest.

## IV. CONCLUSION

The plain language of the Plan permitted ACIPCO to reduce Collins' pension benefits by the total amount of Collins' worker's compensation settlement, including the portion Collins paid to his worker's compensation attorney. The district court erred in awarding judgment in favor of Collins. Accordingly, we reverse the judgment of the district court and remand this case for further

proceedings consistent with this opinion.

REVERSED and REMANDED.