■ GERALD C. LIPARI, Appellant, v MAINES PAPER & FOOD SERVICE, INC., Respondent. [667 NYS2d 548] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Supreme Court erred in granting that portion of defendant's motion for summary judgment seeking dismissal of the causes of action for breach of contract. By letter dated July 1, 1993, the parties entered into an employment contract that provided in part: "We are pleased to offer you the position of District Sales Representative for the Rochester area. You will be paid an annual salary of $54,000. This salary will be guaranteed for a two year period. At the end of your first year, you will have the option of going on our Junior Commission Plan, if it is mutually agreeable to you. We will roll over your two weeks of vacation at the start of your employment with us". Upon his termination from defendant's employment in February 1994, plaintiff commenced the present action for breach of contract and fraud or misrepresentation. Defendant moved for summary judgment, contending with respect to the breach of contract causes of action that it had the right to terminate plaintiff because the letter created an at-will employment contract, while plaintiff contended that the letter created an employment contract for a term of two years.

"The proper inquiry in determining whether a contract is ambiguous is 'whether the agreement on its face is reasonably susceptible of more than one interpretation'" (*Arrow Communication Labs. v Pico Prods.*, 206 AD2d 922, 922-923, quoting *Chimart Assocs. v Paul*, 66 NY2d 570, 573). To be entitled to summary judgment, the moving party must establish that its construction of the agreement "'is the only construction which can fairly be placed thereon'" (*Levey v Leventhal & Sons*, 231 AD2d 877). The provisions in the letter that plaintiff's salary will be guaranteed for two years and that plaintiff could

change salary plans after one year render the employment agreement ambiguous on the issue whether plaintiff's employment was for a definite term or at will (*see, Levey v Leventhal & Sons, supra; Steigerwald v Dean Witter Reynolds*, 107 AD2d 1026; *Myers v Coradian Corp.*, 92 AD2d 643). We therefore modify the order by denying that portion of defendant's motion for summary judgment dismissing the first and second causes of action, which allege breach of contract.

We have reviewed plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Monroe County, Siragusa, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.