[744 NYS2d 610]

ROBERT JELLINICK, Respondent-Appellant, v JOSEPH J. NAPLES & ASSOCIATES, INC., et al., Appellants-Respondents. (Appeal No. 1.)

Fourth Department, July 3, 2002

APPEARANCES OF COUNSEL

*Harter, Secret & Emery LLP,* Buffalo (*Carol E. Heckman* of counsel); *Dadd & Nelson, PC,* Attica, for defendants-appellants-respondents.

*Phillips, Lytle, Hitchcock, Blaine & Huber LLP,* Buffalo (*Robert F. Elgidely* of counsel), for plaintiff-respondent-appellant.

### OPINION OF THE COURT

PIGOTT, JR., P.J.

Plaintiff commenced this action against, inter alia, his former employer, defendant Joseph J. Naples & Associates, Inc. (Naples), seeking to recover additional pension benefits allegedly due under the terms of defendant employee profit sharing plan (Plan) and amounts allegedly wrongfully withheld by Naples in violation of the Federal Insurance Contributions Act ([FICA] 26 USC § 3101 *et seq.*) and section 193 of the Labor Law. In addition, plaintiff sought damages for the alleged breach by Naples of the buyout provisions of the written employment agreement (employment agreement) between plaintiff and Naples.

Following joinder of issue, plaintiff moved for summary judgment on the first and second causes of action. Defendants cross-moved for summary judgment dismissing the first cause of action and the third cause of action to the extent that it seeks damages in excess of $99,851.40; Naples admits that plaintiff is entitled to be paid the sum of $99,851.40 under the buyout provisions of the agreement. Plaintiff then cross-moved for summary judgment on the third cause of action or, in the alternative, for partial summary judgment based on the admission of Naples that it owes $99,851.40. Supreme Court denied plaintiff's motion, granted that part of defendants' cross motion seeking summary judgment dismissing the first cause of action, granted summary judgment dismissing the second cause of action, and granted plaintiff's cross motion seeking summary judgment on the third cause of action and held that Naples is liable to pay plaintiff the sum of $332,838 "with interest thereon."

█ The court properly denied that part of plaintiff's motion with respect to the first cause of action and granted that part of defendants' cross motion seeking summary judgment dismissing that cause of action. The first cause of action for additional pension benefits under the Plan is based upon a discrepancy between the definition of "compensation" in the Summary Plan Description (Plan Summary) distributed to all Naples's employees, including plaintiff, and a subsequent amendment to the Plan itself. There is no New York State case law addressing this issue, but the Second Circuit has held that, where a conflict exists between the provisions of a plan summary and the plan itself, the plan summary controls because it is the employee's primary source of information concerning employment benefits (*see Heidgerd v Olin Corp.*, 906 F2d 903, 907-908). The court in *Heidgerd*, however, did not consider whether detrimental reliance must be shown in such cases (*see id.* at 909). Federal courts that have considered whether a showing of detrimental reliance is required are divided on the issue. The Eleventh Circuit has noted the importance of detrimental reliance in order to enforce the terms of a plan summary over those of the plan itself (*see Buce v Allianz Life Ins. Co.*, 247 F3d 1133, 1156 [Carnes, J., concurring], *cert denied* 534 US 1065; *Collins v American Cast Iron Pipe Co.*, 105 F3d 1368, 1371; *Branch v G. Bernd Co.*, 955 F2d 1574, 1578-1580; *McKnight v Southern Life & Health Ins. Co.*, 758 F2d 1566, 1570-1571), while the Sixth Circuit has not required proof of detrimental reliance (*see Edwards v State Farm Mut. Auto. Ins. Co.*, 851 F2d 134, 137).

The court determined that detrimental reliance must be shown where, as here, the Plan Summary conflicts with the Plan itself, noting that, in analogous cases in which employees were wrongfully denied severance pay, appellate courts in New York have required a showing of detrimental reliance (*see Hirschfeld v Institutional Inv.*, 260 AD2d 171, 172, *lv denied* 93 NY2d 814; *Gallagher v Ashland Oil*, 183 AD2d 1033, 1034, *lv denied* 80 NY2d 758). We agree that detrimental reliance must be shown. We therefore conclude that the court properly granted summary judgment dismissing the first cause of action because defendants established that plaintiff did not rely to his detriment on the provisions of the Plan Summary and plaintiff failed to raise a triable issue of fact on that issue (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We further conclude that the court properly denied that part of plaintiff's motion with respect to the second cause of action

and granted summary judgment dismissing that cause of action. Defendants established as a matter of law that Naples did not unlawfully and willfully deduct its FICA tax obligation from plaintiff's wages in violation of Labor Law § 193, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman,* 49 NY2d at 562).

■ We conclude, however, that the court erred in granting plaintiff's cross motion seeking summary judgment on the third cause of action to the extent that it seeks damages in excess of the sum of $99,851.40 with interest thereon. Naples concedes that it owes that amount, but we conclude that there are issues of fact that otherwise preclude summary judgment on that cause of action. The court granted plaintiff's cross motion based on its determination that as a matter of law the ownership provisions of paragraph 7 of the employment agreement do not limit the buyout formula set forth in paragraph 8 of the agreement. It is well established that the interpretation of the terms of an unambiguous written agreement is a function for the court (*see Chimart Assoc. v Paul,* 66 NY2d 570, 572-573; *Teitelbaum Holdings v Gold,* 48 NY2d 51, 56; *Matter of Cohen Swados Wright Hanifin Bradford & Brett v Frank R. Bayger, P.C.,* 269 AD2d 739, 740-741). In reviewing such an agreement, it is the obligation of the court to examine the terms of the agreement as a whole in order to determine the intent of the parties (*see Benderson v Wiper Check,* 266 AD2d 903, 904, *affd* 96 NY2d 855; *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162-163), "giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized" (*Sunrise Mall Assoc. v Import Alley of Sunrise Mall,* 211 AD2d 711, 711). Furthermore, a court should not adopt an interpretation that would leave any provision of the agreement without force and effect (*see Gonzalez v Norrito,* 256 AD2d 440, 440, *lv dismissed* 93 NY2d 888; *Sunrise Mall Assoc.,* 211 AD2d at 711).

Here, the parties contend that the terms of the employment agreement are clear and unambiguous, but both plaintiff and defendants seek different interpretations of those terms. "The proper inquiry in determining whether a contract is ambiguous is 'whether the agreement on its face is reasonably susceptible of more than one interpretation'" (*Arrow Communication Labs. v Pico Prods.,* 206 AD2d 922, 922-923, quoting *Chimart Assoc.,* 66 NY2d at 573; *see Lipari v Maines Paper & Food Serv.,* 245 AD2d 1085). To be entitled to summary judgment, the moving party has the burden of establishing that its construction of

the agreement "is the only construction which can fairly be placed thereon" (*Lipari*, 245 AD2d at 1085 [internal quotation marks omitted]). Here, both plaintiff and defendants sought summary judgment in reliance upon the provisions of the employment agreement, and their "intricate effort[s] * * * to explain the meaning of [provisions of the agreement] * * * demonstrates the lack of clarity and the ambiguity of the language in [those provisions]" (*Arrow Communication Labs.*, 206 AD2d at 923; *see also Lipari*, 245 AD2d at 1085-1086). Because paragraph 8 of the employment agreement does not define what is meant by the employee's "interest" in the business generated by the employee, the lack of clarity makes it susceptible to the construction proffered by both plaintiff and defendants. Thus, the intent of the parties must be determined by extrinsic evidence, and the construction of paragraphs 7 and 8 presents issues of fact, rendering summary judgment inappropriate (*see Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291; *Arrow Communication Labs.*, 206 AD2d at 923).

We further conclude that the court erred in accepting the commission figure supplied by Naples as the basis for calculating plaintiff's damages under the third cause of action, resulting in the court's determination that Naples must pay plaintiff the sum of $332,838. Plaintiff raised a triable issue of fact whether the total amount of commissions generated by him and paid by Naples in the last full accounting year exceeded the commission figure supplied by Naples. Accordingly, the order in appeal No. 1 should be modified by denying plaintiff's cross motion to the extent that it seeks damages in excess of the sum of $99,851.40 with interest thereon and the judgment in appeal No. 2 should be vacated.

GREEN, SCUDDER, BURNS and GORSKI, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified, on the law, by denying plaintiff's cross motion to the extent that it seeks damages in excess of the sum of $99,851.40 with interest thereon, and as modified, the order is affirmed, without costs.