■ WADE LIPPMAN, Appellant-Respondent, v DESPATCH INDUSTRIES, INC., Formerly Known as BRAINERD MANUFACTURING COMPANY, Respondent-Appellant. (Appeal No. 1.) [778 NYS2d 652]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered November 20, 2002. The order granted defendant's motion for partial summary judgment dismissing the second cause of action and granted in part plaintiff's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion and reinstating the second cause of action and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in granting defendant's motion seeking partial summary judgment dismissing the second cause of action, alleging that defendant breached an employment agreement between the parties by failing to pay plaintiff monies owed him pursuant to the severance provisions of that agreement. Although defendant met its initial burden on the motion, we conclude that plaintiff raised issues of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). "To be entitled to sum-

mary judgment, the moving party has the burden of establishing that its construction of the agreement 'is the only construction which can fairly be placed thereon' " (*Jellinick v Joseph J. Naples & Assoc.*, 296 AD2d 75, 78-79 [2002]). The contract permitted plaintiff to terminate his employment when notified by defendant that it "desire[d] to . . . sell all or substantially all of its assets." Defendant established that, at the time of plaintiff's resignation, defendant had sold its operating assets and certain real property but had retained other real property and investment assets, and thus that it did not desire to sell all or substantially all of its assets. The court determined that, because defendant had not sold all or substantially all of its assets, the severance provision was not triggered. We conclude, however, that plaintiff raised issues of fact whether defendant desired to sell all or substantially all of its assets, thus triggering the severance provision and, further, whether two annual payments in the amount of $650,000 made to plaintiff after his resignation from defendant constituted partial performance of the contract. Because the phrase "desires to . . . sell all or substantially all of its assets" is not defined in the employment agreement, "the lack of clarity makes it susceptible to the construction proffered by both plaintiff and defendant[ ]. Thus, the intent of the parties must be determined by extrinsic evidence, . . . rendering summary judgment inappropriate" (*id.* at 79). We therefore modify the order by denying defendant's motion and reinstating the second cause of action. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.