■ AMI CAPITAL, INC., Appellant, v PEREGRINE DEVELOPMENT CORPORATION, Doing Business as PEREGRINE DEVELOPMENT COMPANY, et al., Respondents. [798 NYS2d 925]—

Appeal from an order of the Supreme Court, Onondaga County (Norman W. Seiter, Jr., J.), entered September 27, 2004 in a breach of contract action. The order, among other things, denied plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the cross motion is denied and judgment is ordered in accordance with the following memorandum: Plaintiff commenced this action against, inter alia, defendant Peregrine Development Corporation, doing business as Peregrine Development Company (PDC), to recover a fee allegedly owed to plaintiff for assisting PDC in obtaining Housing and Urban Development financing in excess of $9 million. Supreme Court erred in denying plaintiff's motion for summary

judgment and in granting defendants' cross motion for leave to serve an amended answer. There is no support for defendants' contention that PDC was released from its obligations under the agreements at issue by assigning the benefits to defendant Peregrine's Landing, LLC. Plaintiff established as a matter of law that its construction of the agreements "is the only construction which can fairly be placed thereon" (*Lipari v Maines Paper & Food Serv.*, 245 AD2d 1085, 1085 [1997] [internal quotation marks omitted]; *see Arrow Communication Labs. v Pico Prods.*, 206 AD2d 922, 922-923 [1994]; *see generally Chimart Assoc. v Paul*, 66 NY2d 570, 572-573 [1986]), and defendants failed to raise a triable issue of fact with respect thereto (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

We therefore reverse the order, grant plaintiff's motion, deny defendants' cross motion and order that judgment be entered in favor of plaintiff and against PDC in the amount of $137,625, representing 1.5% of the loan proceeds, together with interest commencing November 22, 2002, the date on which the loan closed, plus costs and disbursements. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ. [As amended by unpublished order entered Sept. 30, 2005.]