CANDACE SUNDBY, Appellant, v TERRY R. KAY et al., Respondents. [879 NYS2d 881]—

Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered November 7, 2007. The order, following a bifurcated trial, dismissed the first cause of action to the extent that it alleges interference with the right to use an easement along defendants' lake frontage for other than pedestrian traffic.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to enjoin defendants from interfering with her right to cross defendants' land "by vehicle" pursuant to an easement. Plaintiff and defendants own adjoining lakefront property and, in the absence of the easement, plaintiff is unable to access by vehicle both the shoreline of her property and a cottage located there, based on the topography of the property. In 1987 the prior owner of defendants' property granted plaintiff's predecessor in title an easement "over the drive-way owned by [defendants' predecessor in title] and along the lake shore . . . for all ordinary purposes of ingress and egress," and also granted

plaintiff's predecessor in title the right to park a vehicle on the servient premises "in an area to be agreed upon by the parties to this agreement." We conclude that the language of the easement is ambiguous with respect to whether it was intended to include vehicular use along the shoreline inasmuch as it is "reasonably susceptible of more than one interpretation" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). We further conclude that Supreme Court's determination that the easement was not intended to include vehicular use along the shoreline is supported by a fair interpretation of the evidence (*see generally Treat v Wegmans Food Mkts., Inc.*, 46 AD3d 1403, 1404-1405 [2007]). We have considered plaintiff's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Centra, Peradotto, Carni and Gorski, JJ.