# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1334**
**CA 12-00877**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

BIRDSONG ESTATES HOMEOWNERS ASSOCIATION, INC.,
PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

THE D.P.S. SOUTHWESTERN CORP., ALSO KNOWN AS
D.P.S. SOUTHWESTERN CORP., DEFENDANT-RESPONDENT.

---

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (HEATH J. SZYMCZAK OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (Timothy J. Walker, A.J.), entered February
13, 2012.  The judgment, among other things, denied plaintiff's motion
for partial summary judgment and granted defendant's cross motion for
summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying the cross motion, vacating
the declaration and reinstating the complaint, and as modified the
judgment is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking, inter alia,
a judgment declaring the parties' respective rights regarding the
development of a residential subdivision in the Town of Orchard Park
under the terms of a contract entitled "Declaration of Protective
Covenants, Conditions, Restrictions, Easements, Charges, and Liens -
Birdsong Estates" (Declaration).  By its first counterclaim, defendant
also sought such a judgment.  We conclude that Supreme Court properly
denied plaintiff's motion for, inter alia, partial summary judgment
granting the declaration sought in the complaint and dismissing
defendant's first counterclaim.  We further conclude, however, that
the court erred in granting defendant's cross motion for summary
judgment dismissing the complaint and granting the declaration sought
in the first counterclaim.

By having each sought "summary judgment, both parties bore the
burden of establishing that their construction of the [Declaration]
'is the only construction which can fairly be placed thereon' " (*Levey
v Leventhal & Sons*, 231 AD2d 877, 877; *see Lipari v Maines Paper &
Food Serv.*, 245 AD2d 1085, 1085).  Neither party met that burden.

Here, while both plaintiff and defendant relied upon the purportedly plain and unambiguous provisions of the Declaration to support their respective motions, "the[ir] intricate effort[s] to explain the meaning of [those provisions] demonstrate[] the lack of clarity and the ambiguity of the language" thereof (*Arrow Communication Labs. v Pico Prods*., 206 AD2d 922, 923; *see Jellinick v Naples & Assoc*., 296 AD2d 75, 78-79). Moreover, the extrinsic evidence necessary to ascertain the parties' intent and resolve the Declaration's ambiguity, particularly with respect to articles VII and VIII thereof, presents triable issues of fact that may not be determined by summary judgment (*see Jellinick*, 296 AD2d at 79; *Arrow Communication Labs*., 206 AD2d at 923). We therefore modify the judgment accordingly.

We reject plaintiff's contention that section 11.10 of the Declaration entitles it to judgment as a matter of law despite the foregoing ambiguities. That section provides that plaintiff's construction of the Declaration shall be final and binding "in the absence of an adjudication by a court of competent jurisdiction to the contrary." Whether there will be a contrary adjudication by such a court remains to be determined, and thus plaintiff may not invoke that provision as a basis for summary judgment under these circumstances.

We likewise reject plaintiff's further contention that it is entitled to judgment as a matter of law, even assuming the Declaration's ambiguity, by operation of the doctrine of *contra proferentum*, under which the ambiguities therein would be construed against defendant as the drafter. That doctrine "is a rule of construction that should be employed only as a last resort" (*Fernandez v Price*, 63 AD3d 672, 676; *see Mobil Oil Corp. v Fraser*, 55 AD2d 824, 825, *lv denied* 41 NY2d 804), and we conclude that its application at this stage of the litigation is unwarranted.

Entered: December 28, 2012

Frances E. Cafarell
Clerk of the Court