# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**731**

**CA 13-01672**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

CLARK BONO ROOFING & CONSTRUCTION COMPANY, INC.,
PLAINTIFF-APPELLANT,

V

MEMORANDUM AND ORDER

NORD BITUMI U.S., INC., DEFENDANT-RESPONDENT.

---

JOSEPH MAKOWSKI, LLC, BUFFALO (ALISA A. LUKASIEWICZ OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (DANIEL B. MOAR OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered June 3, 2013. The order granted the motion of defendant for summary judgment seeking dismissal of the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff is a roofing company that defendant had approved to install defendant's roofing systems. In 1983, plaintiff installed roofs on three certain commercial buildings, and defendant provided a 10-year warranty covering "materials and workmanship" on each roof to the owner of those buildings. Approximately 13 months after installation, the roofs leaked, and plaintiff was required to make various repairs to the roofs during subsequent years, allegedly because of defendant's defective materials. In 1991, plaintiff and the owner of the buildings commenced this action alleging, inter alia, a cause of action for breach of express warranty. The owner of the buildings subsequently discontinued its action against defendant, and defendant thereafter moved for summary judgment seeking dismissal of the complaint, which Supreme Court granted in its entirety. We affirm.

We reject plaintiff's contention that the court erred in granting that part of defendant's motion seeking dismissal of the cause of action for breach of express warranty. Defendant met its burden of establishing that the word "owner" as used in the warranties unambiguously referred to the owner of the commercial buildings where the roofs were installed, and that there was no other reasonable construction of that word (see *DiPizio Const. Co., Inc. v Erie Canal Harbor Dev. Corp.*, 120 AD3d 905, 906; *Jellinick v Naples & Assoc.*, 296 AD2d 75, 78-79; *see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d

157, 162), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Contrary to plaintiff's contention, the term "owner" cannot refer to plaintiff inasmuch as plaintiff is identified in the warranties as the "approved roofing contractor," and the warranty covers for the owner's benefit the materials used by plaintiff and plaintiff's workmanship in conjunction therewith. Thus, because plaintiff was not a party entitled to the benefit of the express warranty, it may not assert a cause of action against defendant for the breach thereof (*see generally Martin v Dierck Equip. Co.*, 43 NY2d 583, 589). Inasmuch as plaintiff relies exclusively upon that cause of action for its claim to damages, the court properly granted the motion in its entirety and dismissed the complaint (*see* CPLR 3212 [b]).

In light of our determination, we do not reach plaintiff's remaining contentions.

Entered:  July 10, 2015                          Frances E. Cafarell
                                                 Clerk of the Court