Rivera-Ortiz v Cook (2024 NY Slip Op 01403)

Rivera-Ortiz v Cook

2024 NY Slip Op 01403

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND KEANE, JJ.

82 CA 23-00721

[*1]MANUEL RIVERA-ORTIZ AND ANDRE PFANNER, PLAINTIFFS-RESPONDENTS,
v
WILLIAM COOK AND ANNEMARIE COOK, DEFENDANTS-APPELLANTS. 

WEAVER MANCUSO BRIGHTMAN PLLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
BOYLAN CODE LLP, ROCHESTER (MARK A. COSTELLO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered April 17, 2023. The order and judgment, among other things, granted plaintiffs' motion for partial summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion and vacating the second and third decretal paragraphs, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that the parties' easement agreement (agreement) prohibits defendants from installing a fence between plaintiffs' property and certain trees that plaintiffs planted on the easement and an injunction requiring defendants to remove that part of a fence installed by defendants that blocked plaintiffs' view of those trees. Plaintiffs moved for partial summary judgment on their third cause of action, for injunctive relief, and defendants cross-moved for, inter alia, summary judgment dismissing the amended complaint. Defendants appeal from an order and judgment that granted the motion, denied the cross-motion, declared that the agreement included an easement granting plaintiffs an unobstructed view of the trees, and ordered defendants to remove the fence.
The record establishes that, a few years before the agreement was entered into, one of the plaintiffs planted trees close to the boundary line between the two contiguous parcels at issue. Plaintiffs subsequently learned that the trees had been planted on the neighboring property. After that discovery, which occurred around the time defendants purchased that property, the parties entered into the agreement to resolve, inter alia, any lingering issues concerning the trees. The agreement generally provided that plaintiffs would be granted an easement over a portion of defendants' property to maintain the trees, and that defendants would refrain from removing any of the trees without plaintiffs' consent.
Defendants contend that Supreme Court erred in granting the motion and denying the cross-motion, inasmuch as the agreement unambiguously granted plaintiffs the right only to enter defendants' property for the purpose of maintaining the trees—it did not expressly grant plaintiffs an easement to view the trees or preclude defendants from erecting the fence. "To be entitled to summary judgment, the moving party has the burden of establishing that its construction of the agreement is the only construction which can fairly be placed thereon" (Jellinick v Naples & Assoc., 296 AD2d 75, 78-79 [4th Dept 2002] [internal quotation marks omitted]). As relevant here, "[w]hen the language of [an agreement] is ambiguous, its construction presents a question of fact [that] may not be resolved by the court on a motion for summary judgment" (Cooling Tower Specialties, Inc. v Yaro Enters., Inc., 67 AD3d 1445, 1445 [4th Dept 2009] [internal quotation marks omitted]; see generally Corter-Longwell v Juliano, [*2]200 AD3d 1578, 1584 [4th Dept 2021]).
In interpreting the agreement, we must "construe[ ] [it] according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law" (Real Property Law § 240 [3]; see Mertowski v Werthman, 45 AD3d 1312, 1313 [4th Dept 2007]; see generally Herman v Roberts, 119 NY 37, 42-43 [1890]). "The 'intent' at issue is the objective intent of the parties manifested by the language of the [agreement]; unless the [agreement] is ambiguous, evidence of unexpressed, subjective intentions of the parties is irrelevant" (Modrzynski v Wolfer, 234 AD2d 901, 902 [4th Dept 1996]). In turn, the "language of [an] easement is ambiguous" when it is "reasonably susceptible of more than one interpretation" (Sundby v Kay, 63 AD3d 1646, 1647 [4th Dept 2009] [internal quotation marks omitted]), at which point the court may "look into surrounding circumstances"—i.e., extrinsic evidence—to aid its interpretation (Loch Sheldrake Assoc. v Evans, 306 NY 297, 304 [1957]; see Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]).
Here, "[b]y having each sought summary judgment, both parties bore the burden of establishing that their construction of the [agreement] is the only construction which can fairly be placed thereon" (Birdsong Estates Homeowners Assn., Inc. v D.P.S. Southwestern Corp., 101 AD3d 1735, 1736 [4th Dept 2012] [internal quotation marks omitted]; see Jellinick, 296 AD2d at 78-79). Neither party met that burden. Although "both plaintiff[s] and defendant[s] relied upon the purportedly plain and unambiguous provisions of the [agreement] to support their respective motions, the[ir] intricate effort[s] . . . to explain the meaning of [the agreement] demonstrate[ ] the lack of clarity and the ambiguity of the language thereof" (Birdsong Estates Homeowners Assn., 101 AD3d at 1736 [internal quotation marks omitted]). Consequently, we conclude that the court properly denied the cross-motion, but erred in granting the motion and in issuing a declaration and an injunction in plaintiffs' favor. We modify the order and judgment accordingly.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court