■ OLEAN MEDICAL GROUP LLP, Respondent Appellant, v GARWOOD E. LECKBAND, M.D., Appellant. (Appeal No. 1.) [821 NYS2d 335]—

Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered November 18, 2005. The order, among other things, granted plaintiff's motion for a preliminary injunction.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to enforce the covenant not to compete in defendant's employment agreement with plaintiff. In appeal No. 1, defendant appeals from an order that, inter alia, granted plaintiff's motion for a preliminary injunction and, in appeal No. 2, defendant appeals from an order denying his cross motion to dismiss the complaint for failure to state a cause of action. Addressing first the order in appeal No. 2, we conclude that Supreme Court properly denied defendant's cross motion to dismiss the complaint. In support thereof, defendant contended that the covenant not to compete does not prohibit him from providing services at a hospital, contrary to the allegations in the complaint, and thus the complaint should be dismissed for failure to state a cause of action. We conclude that the court's interpretation of the covenant not to compete as including defendant's employment at a hospital is reasonable, despite the absence of the express term hospital in the covenant not to compete (*see Gismondi, Paglia, Sherling, M.D., P.C. v Franco*, 104 F Supp 2d 223, 232 [2000], *vacated in part on other grounds* 206 F Supp 2d 597 [2002]).

With respect to appeal No. 1, we conclude that the court properly granted plaintiff's motion for a preliminary injunction, thereby prohibiting defendant from, inter alia, providing physician services at the Olean General Hospital (*see generally Abramo v HealthNow N.Y.*, 305 AD2d 1009 [2003]; *Albany Med. Coll. v Lobel*, 296 AD2d 701, 702 [2002]; *Novendstern v Mt. Kisco Med. Group*, 177 AD2d 623, 624-625 [1991], *lv dismissed* 80 NY2d 826 [1992]; *Becher v Peress*, 111 AD2d 892 [1985], *lv dismissed* 66 NY2d 605 [1985]). Contrary to defendant's contention, plaintiff established the requisite likelihood of success on the merits, irreparable injury, and a balancing of the equities in its favor (*see generally Tucker v Toia*, 54 AD2d 322, 324-325 [1976]). We note in particular that plaintiff established irreparable injury by establishing that money damages could not make it whole and that there was no adequate remedy at law (*see Karpinski v Ingrasci*, 28 NY2d 45, 49 [1971]), and plaintiff established a balancing of the equities in its favor by establishing that it brought defendant to the community at great expense to plaintiff and that, but for plaintiff, defendant would not have obtained medical privileges at Olean General Hospital. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.