■ COOLING TOWER SPECIALTIES, INC., Respondent, v YARO ENTERPRISES, INC., Appellant. [889 NYS2d 347]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered November 6, 2008 in a breach of contract action. The judgment was entered upon an order granting the motion of plaintiff seeking summary judgment granting the relief sought in the complaint and dismissal of the counterclaims.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by denying those parts of the motion seeking summary judgment granting the relief sought in the complaint and dismissal of the counterclaim for breach of contract and reinstating that counterclaim and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking payment for repairs made by it to a cooling tower owned by defendant, and defendant asserted counterclaims for fraud and breach of contract. According to plaintiff, defendant agreed to pay for the repairs pursuant to a written estimate setting forth the costs "per cell" of material and labor. Supreme Court erred in granting that part of plaintiff's motion seeking summary judgment granting the relief sought in the complaint. "When the language of a contract is ambiguous, its construction presents a question of fact [that] may not be resolved by the court on a motion for summary judgment" (*DiLorenzo v Estate Motors, Inc.*, 22 AD3d 630, 631 [2005]). Here, plaintiff's own submissions in support of the motion establish that the phrase "per cell" is ambiguous (*see id.*). The court also erred in granting

that part of plaintiff's motion seeking dismissal of defendant's counterclaim for breach of contract pursuant to CPLR 3211. Defendant's allegations are sufficient to state a counterclaim for breach of contract based upon plaintiff's allegedly inadequate performance in making the repairs that were the subject of the contract (*see Wiernik v Kurth*, 59 AD3d 535, 537 [2009]). We therefore modify the judgment accordingly. The court, however, properly granted that part of the motion seeking summary judgment dismissing the counterclaim for fraud "because that [counterclaim] arises out of the same facts that serve as the basis for the breach of contract [counterclaim] and may not be independently asserted" (*Dec v Auburn Enlarged School Dist.*, 249 AD2d 907, 908 [1998]). Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.