■ BARTON MARK PERLBINDER et al., Appellants, v BOARD OF MANAGERS OF THE E. 53RD STREET CONDOMINIUM, Respondent. [21 NYS3d 65]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 10, 2014, which granted defendant's motion to hold plaintiffs in contempt for failing to comply with a prior order and for a preliminary injunction, unanimously modified, on the law, to require an undertaking by defendant, and to remand for a determination of the amount thereof, and otherwise affirmed, without costs.

The record supports a finding of civil contempt against plaintiffs (*see El-Dehdan v El-Dehdan*, 26 NY3d 19 [2015]; Judiciary Law § 753). In a prior order, the motion court directed plaintiffs, who operate a parking garage in defendant's building, to cordon off the area of the garage's subcellar in which there was spalled concrete and exposed rebar to prevent people from walking there and cars from being parked there. However, plaintiffs continued to use that area of the garage.

A preliminary injunction against the use of the garage's subcellar "until proper repairs (conforming with all permit and legal requirements) are completed" is also warranted (*see Unique Laundry Corp. v Hudson Park NY LLC*, 55 AD3d 382 [1st Dept 2008]).

However, the court erred in issuing the injunction without requiring defendant to give an undertaking (*see* CPLR 6312 [b]). In fixing the amount of the undertaking, the court may revisit the scope of the injunction, considering any further deterioration that may have occurred and any remedial steps that plaintiffs may have taken to repair conditions.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Acosta, Andrias and Moskowitz, JJ. ■