TDA, LLC v Lacey (2022 NY Slip Op 00779)





TDA, LLC v Lacey


2022 NY Slip Op 00779


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.


986 CA 21-00315

[*1]TDA, LLC, DOING BUSINESS AS LACEY HEAVY EQUIPMENT AND TRUCK CENTER, PLAINTIFF-RESPONDENT,
v
GEORGE LACEY AND LACEY HEAVY EQUIPMENT REPAIR, INC., DEFENDANTS-APPELLANTS. 






GROSS SHUMAN, P.C., BUFFALO (CHRISTOPHER D. GALASSO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ZDARSKY SAWICKI & AGOSTINELLI LLP, BUFFALO (DAVID E. GUTOWSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered August 31, 2020. The order, among other things, granted that part of plaintiff's motion for a preliminary injunction. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking from the third subparagraph of the first ordering paragraph the language "or removing the Rental Equipment from plaintiff's premises" and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff and defendants, among others, entered into an Asset Purchase Agreement (APA) whereby plaintiff and its nonparty affiliates purchased defendants' land, certain assets and the goodwill of defendants' business of maintaining, repairing and renting heavy construction equipment. The APA included a noncompete provision. Defendant Lacey Heavy Equipment Repair, Inc. (LHER) and plaintiff also entered into an Equipment Rental Agreement for certain heavy construction equipment not purchased under the APA. The Equipment Rental Agreement permitted defendants to store the heavy equipment on plaintiff's property and allowed plaintiff to rent the equipment to its customers in return for LHER's receipt of a percentage of the rental fee. Plaintiff commenced this action alleging, inter alia, that defendants breached the noncompete provision of the APA and breached the Equipment Rental Agreement by impeding plaintiff's access to the rental equipment. By order to show cause, plaintiff moved for, inter alia, a preliminary injunction enjoining defendants from soliciting plaintiff's customers, competing with plaintiff's business, interfering with plaintiff's rental of heavy equipment, and removing the rental equipment from plaintiff's property. Defendants appeal from an order that, among other things, granted that part of plaintiff's motion seeking a preliminary injunction. We modify.
"[T]o prevail on a motion for a preliminary injunction, the moving party has the burden of demonstrating, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury in the absence of injunctive relief, and (3) a balance of the equities in its favor" (Eastman Kodak Co. v Carmosino, 77 AD3d 1434, 1435 [4th Dept 2010]; see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). Whether a party is entitled to a preliminary injunction is a determination entrusted to the sound discretion of the motion court (see Doe v Axelrod, 73 NY2d 748, 750 [1988]; Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 216 [4th Dept 2009]).
Here, we conclude that Supreme Court properly granted that part of plaintiff's motion seeking a preliminary injunction. Contrary to defendants' contention, plaintiff established the requisite likelihood of success on the merits of at least some of its claims, irreparable injury, and [*2]a balancing of the equities in its favor (see generally Olean Med. Group LLP v Leckband, 32 AD3d 1214, 1215 [4th Dept 2006]). We note in particular that plaintiff established irreparable injury in the form of "loss of goodwill and damage to customer relationships" (Marcone APW, LLC v Servall Co., 85 AD3d 1693, 1697 [4th Dept 2011]), and plaintiff established a balancing of the equities in its favor by demonstrating that the preliminary injunction essentially maintains the status quo under the terms of the agreements, to which defendants agreed (see generally Destiny USA Holdings, LLC, 69 AD3d at 223).
We agree with defendants, however, that the relief granted by the court precluding the removal of the heavy equipment from plaintiff's property goes beyond what is appropriate in this case (see generally id.; North Fork Preserve, Inc. v Kaplan, 31 AD3d 403, 406 [2d Dept 2006]; Healthworld Corp. v Gottlieb, 12 AD3d 278, 279 [1st Dept 2004]). Pursuant to the terms of the Equipment Rental Agreement, defendants were entitled to remove the heavy equipment stored on plaintiff's property so long as they informed plaintiff. We therefore modify the order by striking from the third subparagraph of the first ordering paragraph the language "or removing the Rental Equipment from plaintiff's premises."
We further agree with defendants that the court erred in granting the preliminary injunction without providing for an undertaking. With certain exceptions that are not applicable here, prior to the court granting a preliminary injunction, a plaintiff must post an undertaking in an amount fixed by the court (see CPLR 6312 [b]; Destiny USA Holdings, LLC, 69 AD3d at 224), and that requirement may not be waived (see Rourke Devs. v Cottrell-Hajeck, Inc., 285 AD2d 805, 806 [3d Dept 2001]). Thus, an undertaking should have been required, and we remit the matter to Supreme Court for further proceedings to fix the amount of an appropriate undertaking (see Cangemi v Yeager, 185 AD3d 1397, 1397 [4th Dept 2020]; Matter of Rockwood Pigments NA, Inc. v Elementis Chromium LP, 124 AD3d 509, 511 [1st Dept 2015]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court