107/115 N. Wash. St., LLC v Irwin Props., LLC (2024 NY Slip Op 03942)

107/115 N. Wash. St., LLC v Irwin Props., LLC

2024 NY Slip Op 03942

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

392 CA 23-01406

[*1]107/115 NORTH WASHINGTON STREET, LLC, PLAINTIFF-APPELLANT-RESPONDENT,
v
IRWIN PROPERTIES, LLC, DEFENDANT-RESPONDENT-APPELLANT. 

WOODS OVIATT GILMAN LLP, ROCHESTER (ROBERT D. HOOKS OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
HARRIS BEACH PLLC, BUFFALO (ALLISON B. FIUT OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 

 Appeal and cross-appeal from an order of the Supreme Court, Monroe County (James A. Vazzana, J.), entered August 10, 2023. The order granted the motion of plaintiff for a preliminary injunction enjoining defendant from interfering with its use of certain property, on condition that plaintiff post an undertaking in the amount of $5,000, denied that part of the cross-motion of defendant seeking to dismiss plaintiff's first cause of action and enjoined plaintiff from installing a third bay door on its property. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiff's application seeking that the injunctive relief in favor of defendant be conditioned upon defendant providing an undertaking and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking a judgment declaring that an express easement burdening defendant's property permits plaintiff's customers to park along the side of plaintiff's building and access loading bay doors (first cause of action) and that plaintiff has a prescriptive easement burdening defendant's property that permits plaintiff's customers to park along the side of its building. Plaintiff moved for, among other things, a preliminary injunction precluding defendant from interfering with any use of the express easement, and defendant cross-moved, inter alia, to dismiss the first cause of action and for an order quieting title and declaring that plaintiff is "enjoin[ed] [from] use and installation of bay doors along [d]efendant's property" and that the parking abutting plaintiff's building is "for passenger vehicles only." Supreme Court granted plaintiff's motion, granted defendant a preliminary injunction precluding plaintiff from installing a third bay door, and otherwise denied defendant's cross-motion. In addition, the court granted defendant's application seeking that the injunctive relief in favor of plaintiff be conditioned upon plaintiff providing an undertaking, but denied the application of plaintiff seeking such a condition upon defendant receiving injunctive relief. Plaintiff appeals, and defendant cross-appeals.
Contrary to plaintiff's contention on appeal, we conclude that the court did not abuse its discretion in granting defendant a preliminary injunction "thereby preserving the status quo pending a determination on the merits" (Young v Crosby, 87 AD3d 1308, 1309 [4th Dept 2011]). Although defendant's notice of cross-motion did not specifically seek a preliminary injunction, it sought a declaration that plaintiff is enjoined from installing any further bay doors and also requested "such other and further relief as th[e] [c]ourt deem[ed] just and proper," and the issue of a preliminary injunction to maintain the status quo was before the court on plaintiff's motion (cf. Northside Studios v Treccagnoli, 262 AD2d 469, 469-470 [2d Dept 1999]). However, the court erred "in issuing the injunction without requiring defendant to give an undertaking" (Perlbinder v Board of Mgrs. of the E. 53rd St. Condominium, 134 AD3d 459, 460 [1st Dept 2015]; see also TDA, LLC v Lacey, 202 AD3d 1474, 1476 [4th Dept 2022]; see generally CPLR [*2]6312 [b]). We therefore modify the order accordingly and remit the matter to Supreme Court to fix the amount of the undertaking (see Karabatos v Hagopian, 39 AD3d 930, 932 [3d Dept 2007]).
With respect to defendant's cross-appeal, we conclude that the court properly denied that part of defendant's cross-motion seeking to dismiss the first cause of action. The complaint states a cause of action for declaratory relief as to the extent of the express easement under RPAPL article 15 (see generally RPAPL 1515; Matter of Kerri W.S. v Zucker, 202 AD3d 143, 154 [4th Dept 2021], lv dismissed 38 NY3d 1028 [2022]; Meyer v Stout, 45 AD3d 1445, 1447 [4th Dept 2007]).
We further conclude that " 'factual issues preclude a summary determination of the parties' rights' " with respect to the easement (Matter of 16 Main St. Prop., LLC v Village of Geneseo, 225 AD3d 1204, 1208 [4th Dept 2024]; see generally Kerri W.S., 202 AD3d at 154-155). While both plaintiff and defendant relied upon the purportedly plain and unambiguous language of the easement agreement to support their respective construction of that agreement, " 'the[ir] intricate effort[s] . . . to explain the meaning of [the easement agreement] demonstrate[ ] the lack of clarity and the ambiguity of the language' thereof" (Birdsong Estates Homeowners Assn., Inc. v D.P.S. Southwestern Corp., 101 AD3d 1735, 1736 [4th Dept 2012]; see Rivera-Ortiz v Cook, 225 AD3d 1145, 1147 [4th Dept 2024]). Where, as here, "the language of [an easement agreement] is ambiguous, its construction presents a question of fact [that] may not be [summarily] resolved by the court" (Cooling Tower Specialties, Inc. v Yaro Enters., Inc., 67 AD3d 1445, 1445 [4th Dept 2009] [internal quotation
marks omitted]; see generally 16 Main Street Prop., LLC, 225 AD3d at 1208).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court